# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ANTHONY L. ROBERTS,

        Petitioner,

v.                                                                                       Case No. 08-CV-317

WARDEN CATHY JESS, and
WISCONSIN DEPARTMENT OF CORRECTIONS,

        Respondents.

_____

# ORDER

On April 16, 2008, petitioner Anthony L. Roberts ("Roberts") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Roberts was convicted on June 16, 1993, for narcotics violations. The Dane County Circuit Court sentenced Roberts to 25 years of imprisonment and he is currently confined at Dodge Correctional Institution. The court will review Roberts's federal habeas petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *See id.* This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has

avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

As a preliminary matter, it appears from the face of Roberts's petition that his petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) enacted a one-year limitation period for filing a petition for habeas corpus. 28 U.S.C. § 2244(d). The limitations period applies to all habeas petitions filed after April 23, 1997, one year following the effective date of the amendment. *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996) (en banc), *rev'd on other grounds*, 521 U.S. 320 (1997). Those whose convictions predated the AEDPA were given a year after its enactment on April 24, 1996 – i.e. until April 23, 1997 – within which to file their habeas petitions. *See id.*; *see also Cooper v. United States*, 199 F.3d 898, 900 (7th Cir. 1999) ("even if the conviction occurred earlier than the effective date of the Act, every petitioner gets the full year from the effective date in which to file."). According to his petition, Roberts was convicted on June 16, 1993. Given that Roberts's conviction predates the AEDPA, his federal habeas petition should have been filed by April 23, 1997. Roberts, however, filed his habeas petition on April 16, 2008, approximately 11 years past the deadline. Thus, Roberts's petition is untimely.

The court continues its Rule 4 review by examining Roberts's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell*

-2-

Case 2:08-cv-00317-JPS    Filed 04/18/08    Page 2 of 4    Document 3

*v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of his federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, although Roberts did not attach any state court opinions to his petition, it appears from the face of his petition that he has not exhausted his state court remedies. Roberts claims that an additional sentence he received for parole violations was in violation of the Fifth Amendment's protection against double jeopardy. Roberts also claims that his sentence violates his Fourteenth Amendment due process and equal protection rights and his Eighth Amendment right to be free from cruel and unusual punishment. Roberts, however, does not indicate that these constitutional claims were ever raised in state court prior to the filing of his federal habeas petition. The U. S. Supreme Court has specifically instructed that federal courts may not consider habeas corpus petitions containing unexhausted claims.

*See Rose*, 455 U.S. at 510. Because Roberts's petition sets forth claims that have not been addressed by the state courts, the court must dismiss his petition. *See id.*

Finally, based upon the petitioner's motion to proceed without prepayment of fees, the court finds that the petitioner is unable to pay the $5 filing fee. The court, therefore, grants the petitioner's motion for leave to proceed in forma pauperis.

Accordingly,

**IT IS ORDERED** that the petitioner's motion for leave to proceed in forma pauperis (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the petition be and the same is hereby **DISMISSED** because it contains unexhausted claims.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge